GEORGE T. NEWHALL, Respondent, *v.* WILLIAM H. APPLETON et al., Appellants.

Usage in relation to matters embraced in a contract when it is reasonable, uniform, well settled, not in opposition to fixed rules of law, and not in contradiction of the express terms of the contract, and when it is so far established and known to the parties that it may be supposed the contract was made in reference thereto, is deemed to form part of it; and evidence is always admissible to explain the meaning usage has given to words or terms as used in a particular trade or business to enable the court to declare what the contract expressed to the parties.

Defendants employed plaintiff to obtain subscriptions for an encyclopedia and other publications issued in numbers, agreeing to pay him "fifteen dollars an order for each and every order" obtained for the encyclopedia

and four dollars an order for the other publications. In an action upon the contract defendants offered to prove that in the subscription book business the words used had a definite and well established meaning; that the words " fifteen dollars an order for each and every order for the encyclopedia" were well understood to mean every order under which five volumes have been taken and paid for by the subscriber and that four dollars an order for the other publications meant an order upon which ten parts or numbers of the publication had been taken and paid for. This was objected to and excluded. *Held*, error.·

Reported on a former appeal, 102 N. Y. 133.

*Newhall* v. *Appleton* (102 N. Y. 133), distinguished.

(Argued March 20, 1889; decided April 16, 1889 )

APPEAL from judgment of the General Term of the Superior Court of the city and county of New York, entered upon an order made February 8, 1887, which affirmed a judgment in favor of the plaintiff, entered upon the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*William W. Badger* for respondent. The defendants having pleaded express contract only, and not alleging any custom or trade meaning to affect it in any way, were properly not allowed to ask their own witnesses if the term, " so much an order," or " four dollars for every order," has a settled meaning in the business in connection with the payment of a canvasser for serials, and if so, " what meaning has it ? ' (*Newhall* v. *Appleton*, 102 N. Y. 133, 134; *Bigelow* v. *Legg*, id. 653, 654; *Holmes* v. *Pettingill*, 1 Hun, 316; 60 N. Y. 646; *Silberman* .v. *Clark*, 96 id. 524; *Security Bk.* v. *Bk. of Republic*, 67 id. 460, 463; *Herman* v. *Niagara Ins. Co.*, 100 id. 416; *Hinton* v. *Locke*, 5 Hill, 21; *Mutual Safety Ins. Co.* v. *Home*, 2 N. Y. 244; *Hill* v. *H. Ins. Co.*, 10 Hun, 29; *Main* v. *Eagle*, 1 E. D. Smith, 619; *Vail* v. *Rice*, 5 N. Y. 157, 159.) Usage, to be admissible or competent to affect a contract, must be reasonable and not inconsistent with the terms of the contract, oral or written. (*Collender* v. *Dinsmore*, 55 N. Y. 200; *Lawrence* v. *Maxwell*, 53 id. 21; *Hinton* v. *Locke*, 5 Hill, 437; Lawson on Usages and Customs, 369,

435; *Westcott* v. *Thompson*, 18 N. Y. 367; 2 Parsons on Contracts, 542, 547; *Bradley* v. *Wheeler*, 44 N. Y. 503; *Higgins* v. *Moore*, 34 id. 422; *Silberman* v. *Clark*, 96 id. 524; *Simmons* v. *Law*, 3 Keyes, 219.) If it be left in doubt whether given words of a contract were used in an enlarged or restricted sense, that construction should be adopted which is most beneficial to the promisee. (*Hoffman* v. *Ætna Ins. Co.*, 32 N. Y. 413; Coke on Litt. 183; *Johnson* v. *Hathorn*, 2 Abb. Ct. of App. Dec. 465, 468; *Mowatt* v. *Londsboro*, 3 E. & B. 307; *Gifford* v. *Church*, 56 Barb. 114; *Marvin* v. *Stone*, 2 Cow. 806; *Hinton* v. *Locke*, 5 Hill, 437; *Goodyear* v. *Ogden*, 4 id. 105; *Dawson* v. *Kittle*, 4 id. 107, 109; *White* v. *Hoyt*, 73 N. Y. 511; *Dickinson* v. *Poughkeepsie*, 75 id. 67, 77; *Simmons* v. *Law*, 3 Keyes, 219; *Clark* v. *Baker*, 11 Metc. 186; *Harris* v. *Tumbridge*, 83 N. Y. 100; *Miller* v. *Burke*, 68 id. 615; Lawson on Usages and Customs, 40; *Barnard* v. *Kellogg*, 10 Wall. 383; 49 N. Y. 475.) It is clearly incompetent to allow a party to prove his own declarations or acts or customs while performing an agreement, for the purpose of characterizing the agreement itself. (*Newhall* v. *Appleton*, 102 N. Y. 133; *Reed* v. *U. S. Express Co.*, 48 id. 468; *Whitehouse* v. *Bk. of Cooperstown*, id. 239; *Moore* v. *Meacham*, 10 id. 207; *Peck* v. *Von Keller*, 76 id. 604; *S. C.*, 15 Hun, 470; *Gilchrist* v. *Grocers*, 59 N. Y. 495, 499.) Even if payment depended on the deliveries exactly as defendants claimed, then defendants assumed the duty of delivery promptly. (*Eddy* v. *Stanton*, 21 Wend. 255, 258.) The burden of proof was on defendants to show the conditions as to payments which they pleaded. (*Hollister* v. *Bender*, 1 Hill, 150, 153; *Johnson* v. *Plowman*, 49 Barb. 472; *Green* v. *Waggoner*, 2 Hilton, 297; *Holbrook* v. *Wilson*, 4 Bosw. 64; *Simpson* v. *Hart*, 14 Johns. 74; *Wakeman* v. *Grover*, 4 Paige, 23; affirmed, 11 Wend. 187.)

*Edward Winslow Paige* for appellants. It was error to reject the evidence offered by the defendants to show the meaning, in the subscription book business, of the words "four

dollars an order," and " four dollars a name."  (1 Greenlf. Ev. §§ 288, 292; *Hinton* v. *Locke*, 5 Hill, 21.)

PARKER, J.  This action was brought to recover upon a contract for obtaining subscriptions to certain publications known as the " American Encyclopedia," " Picturesque Europe," and " Turner's Gallery."  The complaint contained averment of a contract by defendants to pay the plaintiff " fifteen dollars for each and every order he obtained for said encyclopedia, and four dollars for each and every order he obtained for said other publications."  The answer admitted a contract to pay the plaintiff those sums upon the orders, under which five volumes of the encyclopedia and ten parts of each of the other publications, respectively, had been taken and paid for by the subscriber, and not otherwise, and further alleged payment of the amount due under the contract.

Upon the trial the plaintiff gave evidence that an oral contract, as averred in the complaint, had been made between him and defendants.

The defendants thereupon offered evidence to show that in the subscription book business the words used in the contract had a definite and well-established meaning, and that meaning was as set forth in the answer.  That the words " fifteen dollars an order for each and every order obtained for the encyclopedia " meant, and were well understood in the subscription book business to mean, $15 an order for each and every order obtained for the encyclopedia, under which five volumes have been taken and paid for by the subscriber, and not otherwise.  While $4 an order for the other publications meant, $4 for an order under which ten parts each, respectively, had been taken and paid for by the subscriber and not otherwise, the learned referee refused to receive the evidence, and thus rendered it impossible for the defendants to successfully present the only issue tendered by their answer.  We think this was error.

" Every legal contract is to be interpreted in accordance with the intention of the parties making it.  And usage, when it is reasonable, uniform, well settled, not in opposition to fixed

rules of law, not in contradiction of the express terms of the contract, is deemed to form a part of the contract and to enter into the intention of the parties, when it is so far established and so far known to the parties that it must be supposed that their contract was made in reference to it." ( *Walls* v. *Bailey*, 49 N. Y. 464–469; Starkie on Ev. 637, 710; 1 Greenl. on Ev. §§ 292–294; Broome Leg. Max. 682, 889, 890; 2 Parsons on Cont. 541.) And evidence is always admissible to explain the meaning which usage has given to words or terms as used in any particular trade or business, as a means of enabling the court to declare what the language of the contract did actually express to the parties. (Wharton on Ev. § 962; *Dana* v. *Fiedler*, 12 N. Y. 40; *Hinton* v. *Locke*, 5 Hill, 437.) The principle stated in the authorities cited authorized the introduction of evidence, on the part of the defendants, tending to show that by the usage or custom of the subscription book business, the words used in the contract had a well-defined meaning, which was understood by both parties to the contract, and what such meaning was. The evidence of custom was admissible, not to change or vary the contract made, but to ascertain with greater certainty what was the intention of the parties at the time of its making.

The question now decided was not directly passed upon by this court on the former appeal. (102 N. Y. 133.)

The evidence erroneously rejected on the trial now under review was admitted on the first trial, and the defendants succeeded upon the issue. The plaintiff appealed and a reversal was had, not upon the issue as presented and passed upon, but because the trial court improperly admitted the books of the defendants for the purpose of showing their transactions with other agents.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.