### LUCAS E. MOORE STAVE CO. v. M. MOSSON CO.

(Supreme Court, Appellate Term. December 8, 1910.)

1. SALES (§ 181*)—ACTIONS FOR PRICE — EVIDENCE — QUALITY OF ARTICLE— WAIVER OF INSPECTION.

Evidence *held* insufficient to sustain a verdict finding that a buyer's right of inspection had been waived, and that the lumber delivered was not in accordance with the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 473–491; Dec. Dig. § 181.*]

2. EVIDENCE (§ 457*)—CONTRACTS—CONSTRUCTION—PAROL EVIDENCE.

Where a contract provided for the sale of "white basswood" and "number / common basswood," etc., the court erred in refusing to permit evidence of the meaning of such terms in the trade, having permitted defendant to give detailed evidence as to the appearance, condition, length, and width of lumber delivered under the contract and inspected.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2104, 2107, 2108; Dec. Dig. § 457.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Three actions by the Lucas E. Moore Stave Company against the M. Mosson Company. From judgments in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

See, also, 57 Misc. Rep. 648, 108 N. Y. Supp. 883.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Pratt, Koehler & Russell (Jerome Koehler, of counsel), for appellant.

Theodore Witte, for respondent.

PER CURIAM. Appeals are taken in these three cases from judgments rendered in favor of defendant by the court without a jury. The actions were brought to recover the purchase price of three separate car loads of lumber sold and delivered by plaintiff to defendant under a written contract entered into in May, 1907. The terms of payment provided for in the contract were "freight net and balance upon receipt and inspection less 2%," National Hardwood Lumber Association rules to apply. One of plaintiff's employés testified that by direction of the plaintiff he went to Canada, selected and loaded out of the stock, graded it carefully, and consigned it to New York; that he saw the lumber again when it reached the Central Vermont pier in New York, and that it was of the grades and quality specified in the contract; that subsequently he saw the president of the defendant on the Central Vermont pier in New York, and offered to have the lumber inspected on the pier, but that the defendant's president stated that the lumber was satisfactory; that the lumber was subsequently delivered to and taken away by defendant. This testimony was corroborated by an employé of the railroad company, a disinterested witness, who was present at the interview.

Plaintiff claimed this constituted a waiver of inspection. Defendant denied the waiver, and introduced evidence of an inspection held a long time subsequent to delivery, which defendant claims showed that the lumber delivered was not in accordance with the contract. The identification of the lumber which was subsequently inspected was vague and unsatisfactory. On these disputed questions of fact, as to whether there was a waiver, and whether the lumber delivered was in accordance with the contract, there was such a strong preponderance of evidence in favor of plaintiff as would call for the reversal of the judgment as against the weight of evidence.

The trial justice also, after permitting defendant to give detailed evidence as to the appearance, condition, lengths, and widths of the lumber which was subsequently inspected, excluded expert testimony offered by plaintiff as to what was understood in the lumber trade by the terms "white basswood," "number / common basswood," etc., as referred to in the contract. This evidence was clearly admissible, as showing the meaning and intent of the contract, and as tending to prove plaintiff's substantial compliance therewith (see Newhall v. Appleton, 114 N. Y. 140, 21 N. E. 105, 3 L. R. A. 859), and its exclusion was error prejudicial to the plaintiff.

The judgment in each case must therefore be reversed, and a new trial ordered in each case, with costs to appellant to abide the event.