## SHONINGER BROS. v. DORMER BROS. CO.

(Circuit Court of Appeals, Second Circuit. April 10, 1917.)

### No. 208.

EVIDENCE ⊜441(9)—PAROL EVIDENCE TO VARY WRITINGS.

Where the written memoranda, signed by the buyer and containing the terms of the agreement for the sale of men's socks, provided in one case for the shipment of specified quantities in December and January, and the balance in February, shipments to be made earlier, if possible, and in another case provided for shipment to be completed on March 15th, evidence that the seller agreed to make weekly deliveries was not admissible, as the agreement was in writing, and clearly and explicitly provided for monthly deliveries.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1792.]

In Error to the District Court of the United States for the Southern District of New York.

Action by the Dormer Bros. Company against Shoninger Bros. Judgment for plaintiff; and defendants bring error. Affirmed.

On writ of error to review a judgment entered in the United States District Court for the Southern District of New York. As the trial proceeded a stipulation was entered into between the parties waiving the right of trial by jury and agreeing to submit the issues for decision to Hon. William I. Grubb, the presiding judge. He found that the plaintiff, Dormer Bros. Company, was entitled to recover the full amount demanded and judgment was thereafter entered against the defendant Shoninger Bros. for $12,841.75. The defendant's counterclaims were disallowed.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Hornblower, Miller, Potter & Earle, of New York City (Charles A. Boston, of New York City, of counsel), for plaintiffs in error.

Simpson, Thacher & Bartlett, of New York City (Thomas D. Thacher and Leland B. Duer, both of New York City, of counsel), for defendant in error.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. This action was brought to recover the price of a quantity of men's socks made and sold pursuant to a war contract. The plaintiff asserts full compliance with the contract by the delivery and acceptance of certain shipments and by the tender of other shipments which were rejected by the defendant without adequate cause. It therefore demands judgment for the accepted and rejected shipments.

The defendant does not, except in a few minor particulars, question its liability for goods received and not paid for. Its principal defense is based upon certain counterclaims. The largest items being for the loss of profits on the first and second order amounting in the aggregate to $9,547.52. The defendant's complaint regarding these deliveries is, in brief, that the plaintiff agreed to make weekly deliveries in time for shipment to France. It sought to establish this proposition by parol. The court ruled that where the contract is expressed in written orders and a specific date named therein for delivery of the goods, parol evidence should not be received which seeks to change the delivery to an earlier date than that stated in the written order. There is practically no disagreement as to the nature of the crucial question between the parties. The defendant's brief on page 8 states it as follows:

"The essence of the defendant's position under its first four counterclaims was that each of its contracts with the plaintiff had stipulated for weekly deliveries in time for shipments to France, for delivery there under contracts of resale which the defendant had with a French vendee to the knowledge of the plaintiff."

We are unable to assent to this proposition. Plaintiff's Exhibits Nos. 1 and 2 which contain the terms of the agreement between the parties make no mention of weekly deliveries; on the contrary both exhibits are explicit as to time. Exhibit No. 1 contains the following:

"Ship 1,500 doz. Dec. 5,000 to 6,000 doz.. Jan. Balance February. Will ship earlier if possible. Shoninger Bros."

Exhibit No. 2 contains the following:

"Ship to be completed on March 15 for delivery in New York.
——— earlier. Shoninger Bros."

These written memoranda signed by the defendant Shoninger Bros. are not amplified as they might have been had a lawyer been employed to state the agreement, but they contain all the essentials of a valid contract of purchase and sale such as business men are constantly making and relying on as evidence of their agreements. So far as the question of time is concerned, it is not easy to see how the contracts could be more clear and explicit. In the first of these agreements the plaintiff agreed to ship and the defendant agreed to purchase 1,500 dozen

socks in December, 1914, 5,000 to 6,000 dozen in January, 1915, and the balance in February, 1915. It seems to us quite clear that if the plaintiff shipped these socks at the dates agreed upon, Shoninger Bros. was bound to take and pay for them. The agreement was in writing, it was perfectly clear and explicit; there is absolutely no agreement for deliveries "in substantially weekly installments."

We have, then, written agreements signed by the party to be charged providing for deliveries in December, January, February and March and an offer by defendant to show by parol that the parties did not mean monthly shipments but weekly shipments. There is no theory upon which the defendant's contention can be sustained except by arbitrarily ignoring the written memoranda. The court did not exclude any competent testimony bearing on the controversy and most of the exceptions taken by the defendant are based upon the theory that the defendant was entitled to show by parol what the written contract meant. All this testimony was properly excluded as the agreements expressly stated that the shipments were to be made monthly and parol testimony was not, under the authorities, permissible to change "monthly" into "weekly." The rule on this subject is clearly stated in Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961:

"Evidence to explain an ambiguity, establish a custom, or show the meaning of technical terms and the like, is not regarded as an exception to the general rule, because it does not contradict or vary the written instrument, but simply places the court in the position of the parties when they made the contract and enables it to appreciate the force of the words they used in reducing it to writing. It is received where doubt arises upon the face of the instrument as to its meaning, not to enable the court to hear what the parties said, but to enable it to understand what they wrote, as they understood it at the time. Such evidence is explanatory and must be consistent with the terms of the contract. Dana v. Fiedler, 12 N. Y. 40, 62 Am. Dec. 130; Collender v. Dinsmore, 55 N. Y. 200, 14 Am. Rep. 224; Newhall v. Appleton, 114 N. Y. 140, 21 N. E. 105, 3 L. R. A. 859; Smith v. Clews, 114 N. Y. 190, 21 N. E. 160, 4 L. R. A. 392, 11 Am. St. Rep. 627."

In Seitz v. Brewers' Refrigerating Co., 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837, the court said:

"Undoubtedly the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proven by parol, if under the circumstances of the particular case it may properly be inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them. But such an agreement must not only be collateral, but must relate to a subject distinct from that to which the written contract applies; that is, it must not be so closely connected with the principal transaction as to form part and parcel of it."

There were a number of collateral questions not affecting the general result which need not be considered separately as they are disposed of by the general finding of the trial judge which must have all the force and effect of a verdict by a jury.

We think a correct result was reached by the trial judge and that the judgment should be affirmed with costs.