CHARLES S. GOLDSTEIN, Respondent, *v.* FRANCES EMBLEMS, INC., et al., Appellants.

First Department, June 15, 1945.

*Edwin M. Otterbourg* of counsel (*Aaron Rosen* and *David S. Edgar, Jr.,* with him on the brief; *Otterbourg, Steindler & Houston,* attorneys), for appellants.

*Meyer Alterman* of counsel (*Louis V. Rivera* and *Max Bollt* with him on the brief), for respondent.

GLENNON, J. The basic issue in this case is the construction that is to be placed upon a written contract under which the plaintiff was employed for a three-year period.

The contract which is set forth on a letter head of defendant Frances Emblems, Inc., and signed by its vice-president under date of May 24, 1941, reads as follows: "In consideration of the devotion of all of your business activity for a period of three years from today, to the selling and promotion of sales of all items offered by us for sale to syndicate, chain variety, and department stores, we will during such period pay you a commission of 10% on such sales that may be made by you, with the total amount of commissions to be paid for any one year to be limited to $15,000."

On November 5, 1943, after the contract had been in force for approximately two and one-half years, the plaintiff was discharged. Up to that time he had been credited with sales in excess of $450,000, the major portion of which was made during the second contract year. This action was brought to recover the difference between $45,000 and the total amount

of commissions received by plaintiff prior to his discharge, which he concedes amounted to $34,310.33.

Plaintiff sought to recover under one of two theories. The first is founded upon his interpretation of the contract which is that he was to receive no more than $45,000 for the entire contract period regardless of when the sales were made and the commissions paid. The second theory anticipates the possibility that the defendants' contention that each contract year was to be separately considered in applying the $15,000 yearly limitation, might be upheld. In such case his recovery under the first cause of action would be limited to the balance of commissions earned during the third year and remaining unpaid at the time of his discharge. Since his commissions had not reached the limit of $15,000 for that year, plaintiff expected to recover the difference under the second cause of action as damages for his alleged wrongful discharge.

During the trial the court ruled that the contract was ambiguous and that parol evidence offered by plaintiff in support of his interpretation was admissible.

It has long been the rule of this State that parol evidence is inadmissible to vary or modify the terms of a written instrument even though ambiguous. (*Stowell* v. *Greenwich Ins. Co.*, 163 N. Y. 298; *Thomas et al.* v. *Scutt*, 127 N. Y. 133.) Where it is ambiguous, oral testimony is admissible but only for the purpose of explaining an ambiguity appearing on the face of the writing. Such explanatory testimony, however, must be consistent with the contract, otherwise it is inadmissible. (*Newhall* v. *Appleton et al.*, 114 N. Y. 140.) Where the contract is complete and unambiguous it is to be construed as it is written because " it is not the real intent but the intent expressed or apparent in the writing which is sought." (3 Williston on Contracts [Rev. ed.], § 610, p. 1752.)

The employment contract here was not ambiguous. The provision that plaintiff was to receive 10% commission on all sales made during the three-year period is qualified by the limitation that " the total amount of commissions to be paid for any one year " was not to exceed $15,000. If the sales amounted to less than $150,000 for any one year, plaintiff was to receive 10% of all the sales made, but if the sales exceeded $150,000 for the year, his commissions were limited to $15,000. The deficit that might occur in one year was not to be made up out of the excess of any other year. That is specifically forbidden by

the plain language of the contract which limits the total commissions payable on the sales of the excess year to $15,000.

It may well be that the amount of sales greatly exceeded plaintiff's expectations but he may not seek to have the court rewrite the contract on the theory that it is ambiguous. (*Cream of Wheat Co.* v. *Crist Co.*, 222 N. Y. 487.)

The judgment appealed from should therefore be reversed and a new trial ordered, with costs to the appellants to abide the event.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.