Per Curiam.

As to the first cause of action, defendant’s letter of November 16, 1945, when read in conjunction with its letter of November 9,1945, might be construed as evidencing a definite period of plaintiff’s employment for an entire year commencing December 29, 1945, sufficient to satisfy the Statute of Frauds. (Marks v. Cowdin, 226 N. Y. 138,145.) In any event, if there be any ambiguity as to the intention of the parties expressed in the writings, parol evidence would in such circumstances be admissible to resolve it. (Stulsaft v. Mercer Tube & Mfg. Co., *589 288 N. Y. 255; Flash v. Rossiter, 116 App. Div. 880.) Extrinsic evidence as to the purport of the expression, “ winter and summer hostess ”, would be permissible to show how it was understood in the particular trade and locality involved. (Newhall v. Appleton, 114 N. Y. 140, 144; Lipson v. Bradford Dyeing Assn., 266 App. Div. 595, 597; Wachtershauser v. Smith, 10 N. Y. S. 535.) The construction and sufficiency of the letters should await a trial at which proof of the relations of the parties and other circumstances may clarify the import of the terms employed in the writings. (Brauer v. Oceanic Steam Navigation Co., 178 N. Y. 339, 345.) The first cause of action should not have been dismissed. For the foregoing reasons, too, we think the court was correct in its ruling that the second cause of action was sufficient.
The judgment dismissing the first cause of action should be reversed, with costs to the plaintiff and the order should be modified by denying the motion to dismiss that cause of action and in all other respects the order should be affirmed.
Martin, P. J., G-lennon, Cohn, Callahan and Peck, JJ., concur.
Judgment dismissing the first cause of action unanimously reversed, with costs to the plaintiff, and the order unanimously modified by denying the motion to dismiss that cause of action and in all other respects affirmed. Settle order on notice.