Order reversed on the law, with $10 costs and disbursements, and motion to dismiss plaintiff’s complaint granted, with $10 costs. Memorandum: The restrictive covenant under consideration here speaks only of buildings to be erected in the future. There is no ambiguity as to the use of buildings already in existence. That subject is not covered by the contract as written. Courts cannot make new contracts for parties or give those already made a strained construction. “Restrictions as to buildings ‘to be erected’ do not limit the use of buildings already erected.” (3 Weed on New York Real Property [3d ed.], p. 1406; Peterson v. City of New York, 235 App. Div. 41, 44; Barnard v. Swayne, 180 App. Div. 361, affd. 228 N. Y. 552.) Where as here, the contract is unambiguous and free from doubt, its construction is a matter of law for the court. The intent of the parties must be found from the language employed and a trial for the development of the facts would serve no useful purpose. “ The intent of the parties, where the contract is written, is ineffective unless expressed in writing” (3 Williston on Contracts [Rev. ed.], § 610). “If the contract as signed does not clearly express the agreement of the parties, that may be a reason why it should be reformed, but until reformed it is the duty of the court to enforce it according to its terms.” (Zimmerman v. Loft, 125 App. Div. 725, 729; see also, Goldstein v. Frances Emblems, Inc., 269 App. Div. 345, 347, and Hutchison v. Ross, 262 N. Y. 381, 398.) All concur. (The order appealed from denies defendants’ motion to dismiss plaintiff’s complaint.) Present — Taylor, P. J., MeCurn, Love, Vaughan and Piper, JJ.