■ PETER VASILAKOS et al., Individually and as Officers of MALTA DINER, INC., et al., Respondents, v STEVEN P. GOUVIS, Individually and as an Officer of VAGOS ENTERPRISES, INC., et al., Appellants. [745 NYS2d 132] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Williams, J.), entered March 9, 2001 in Saratoga County, upon a decision of the court in favor of plaintiffs.

In 1992, plaintiff Peter Vasilakos and his nephew, defendant Steven P. Gouvis, decided to jointly operate a diner and formed defendant Vagos Enterprises, Inc. Vagos Enterprises constructed a foundation to support a prefabricated diner on property owned by Vasilakos in the Village of Malta, Saratoga County. Since Vasilakos planned to develop other portions of the property, Vagos Enterprises installed water equipment in the basement of the diner that had sufficient capacity to support both the diner operations and a future office building. Four years later, Gouvis and Vasilakos negotiated buy/sell agreements whereby, inter alia, Gouvis acquired Vasilakos's interest in Vagos Enterprises. Gouvis and Vasilakos also entered into a 40-year lease of the diner premises, which included a term reserving Vasilakos's right to access the "water well" for future development. Prior to execution of the lease, Gouvis and his attorney became aware of several errors in the lease document, including one error that caused the initial rent period to end three years before the second period commenced. The errors were not corrected in the executed lease. Vasilakos later sought to correct the errors through an addendum to the lease, but Gouvis refused. When Vasilakos began to construct the office building in May 1999, Gouvis refused to allow Vasilakos to connect to the water equipment in the basement of the diner.

Plaintiffs thereafter commenced this litigation alleging

causes of action in, inter alia, breach of contract and reformation. Plaintiffs sought to obtain access to the water equipment under the terms of the lease, reformation of the errors in the lease, and an award of counsel fees pursuant to the terms of the agreements between the parties. Defendants answered and counterclaimed for trespass and for violation of defendants' right of quiet possession of the leased property. After a nonjury trial, Supreme Court determined that defendants breached the lease and rendered judgment allowing plaintiffs access to the water equipment. The court further reformed the lease agreement to correct the errors, dismissed defendants' counterclaims and awarded plaintiffs counsel fees. Defendants appeal.

Initially, defendants contend that Supreme Court erred when it reformed the lease to correct the dates and the amount of rental payments. We disagree. " 'Where there is no mistake about the agreement and the only mistake alleged is in the reduction of that agreement to writing, such mistake of the scrivener, or of either party, no matter how it occurred, may be corrected' " (*Harris v Uhlendorf*, 24 NY2d 463, 467, quoting *Born v Schrenkeisen*, 110 NY 55, 59). Under such circumstances, reformation of the contract is appropriate to correct the errors "so that it will accurately reflect the intentions of the parties" (*Lent v Cea*, 209 AD2d 820, 820, *lv denied* 86 NY2d 703). A party seeking reformation must establish the cause of action by clear and convincing evidence (*see, id.*). Here, the attorneys for both parties testified, and the documentary evidence confirms, that the executed agreement did not reflect the intentions of either party. Accordingly, giving deference to Supreme Court's credibility determinations (*see, id.* at 821), we find that reformation of the lease terms was appropriate.

Next, defendants challenge Supreme Court's finding that they breached the lease agreement by not allowing plaintiffs access to the water equipment in the basement of the diner to serve their office building. Under the terms of the lease, plaintiffs reserved the right to use "the water well" in the diner basement to serve other portions of plaintiffs' property. Although plaintiffs do not seek reformation as to this aspect of the lease, there is no dispute that there has never been a water "well" in the diner basement. However, the basement does contain pumps, a sprinkler system and other water equipment. In our view, the phrase "water well" is ambiguous in this context and Supreme Court properly looked to extrinsic evidence to ascertain the parties' intentions so as to give full effect to this "water well" provision (*see, Lamacchia v Blovat*,

292 AD2d 789; *see also, Hickman v Saunders*, 228 AD2d 559). Significantly, the record establishes that the parties installed larger water equipment than needed by the diner in anticipation of further development of the property. Thus, the record clearly supports Supreme Court's finding that the lease was intended to reserve plaintiffs' right to access the water system in the diner's basement and defendants breached the agreement by denying said access.

We find no merit to defendants' claim that plaintiffs cannot use the water equipment until they compensate defendants for the expenses incurred by Vagos Enterprises to install the larger equipment. Those installation expenses were incurred by the parties herein prior to the execution of the lease and buy/sell agreements. Thus, while plaintiffs may properly be charged, as provided by the lease, for costs attributable to "additional" use of the equipment thereafter, that provision does not justify defendants' denial of access to the equipment by plaintiffs.

Finally, defendants contend that Supreme Court's award of counsel fees to plaintiffs was improper. However, the parties' lease expressly provides for recovery of litigation expenses incurred as a result of breach of the lease. Since plaintiffs brought this action to compel defendants to allow access to the water equipment under the terms of the lease, we find no reason to disturb the award of counsel fees (*cf., Chapel v Mitchell*, 84 NY2d 345, 349).

We have examined defendants' remaining arguments and find them to be unpersuasive.

Mercure, Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.