■ EDWARD CLAIRE, Respondent, v GERALD O'DRISCOLL, JR., Appellant-Respondent, and ROBERT F. BARRY et al., Respondents-Appellants. (And a Third-Party Action.) [817 NYS2d 221]—

Amended judgment, Supreme Court, New York County (Herman Cahn, J.), entered January 3, 2005, which, to the extent appealed from as limited by the brief, denied defendant O'Driscoll's fourth cross claim for a declaratory judgment and permanent injunction, did not limit indemnification for the legal fees incurred by defendant Joseph Moran to those incurred up to the date of execution of his employment agreement, and provided for interest on the amounts due from the defendant shareholders for legal fees paid by the corporation at the rate of the London InterBank Offered Rate (LIBOR) plus 1%, unanimously modified, on the law and the facts, to delete the provision relating to the interest rate, and otherwise affirmed, without costs. Appeal of judgment, same court and Justice, entered October 9, 2003, which, to the extent appealed from as limited by the brief, authorized the corporation to pursue repayment of the legal fees it had paid on behalf of third-party defendants, unanimously dismissed, without costs, as academic.

The court properly rejected O'Driscoll's claim that the shareholders' agreement mandated the adoption of a requirement of a supermajority for approving compensation in excess of $5,000. The court properly found that the language of the indemnification provision in Joseph Moran's employment agreement is ambiguous and properly concluded from the extrinsic evidence that the intention of the parties was to provide the broadest possible indemnification to him for legal fees (*see Goldstein v Frances Emblems, Inc.*, 269 App Div 345, 347 [1945]; *Mar Oil, S.A. v Morrissey*, 982 F2d 830, 840 [1993]; *see also Vasilakos v Gouvis*, 296 AD2d 668 [2002]; *New York First Ave. CVS v Wellington Tower Assoc.*, 299 AD2d 205 [2002], *lv denied* 100 NY2d 505 [2003]).

We modify the amended judgment only to delete the provision relating to the interest rate to which the corporation would be entitled. Although O'Driscoll sought and obtained equitable relief, a permanent injunction, on the derivative claim asserted on behalf of the corporation relating to the legal fees paid by the corporation, the equitable nature of that relief has no bearing on the distinct question of whether an action by the corporation seeking reimbursement for the legal fees would be within the scope of CPLR 5001 (a) (*see Lewis v S.L. & E., Inc.*, 831 F2d 37 [2d Cir 1987]). Regardless of whether the provision authoriz-

ing the corporation to seek reimbursement of the legal fees (which were determined by the grant of the permanent injunction to have been improperly made) was necessary or appropriate, Supreme Court should not have purported to specify what the prejudgment rate of interest would be in the event the corporation commenced and prevailed in such an action (*see Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354-358 [1988]).

Inasmuch as the other parties have not contradicted O'Driscoll's assertion that no legal fees were charged to third-party defendants, we dismiss as academic the appeal seeking clarification as to such fees. Concur—Marlow, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.