■ Douglas Elliman LLC, Respondent, v 21-45 44th Drive LLC et al., Appellants. [978 NYS2d 152]—

The provision of the agreement at issue states, "[A]dvances shall be fully reimbursed by [plaintiff] from the Commissions paid by [defendant] . . . at a rate of twenty percent . . . of [plaintiff]'s portion . . . of each Commission . . . until [defendant] is fully reimbursed." The motion court properly found that the requirement that defendants be "fully reimbursed" was qualified by the clause "from the Commissions . . . at a rate of twenty percent . . . of [plaintiff]'s portion of each Commission" (*see Goldstein v Frances Emblems, Inc.*, 269 App Div 345, 347 [1st Dept 1945]). Although 20% of plaintiff's commissions may be insufficient to fully reimburse defendants for the advances made, defendants could have been protected by negotiating a clause addressing what would happen if 20% of plaintiff's commissions was insufficient to fully reimburse defendants (*see Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 72 [1978]; *see also Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]). Concur—Sweeny, J.P., Acosta, Saxe, Moskowitz and Clark, JJ.