■ JOHN A. MULCAHY, Respondent, v RHODE ISLAND HOSPITAL TRUST NATIONAL BANK, as Trustee Under Agreement with Frederic H. Bontecou, Jr., Deceased, Appellant. RHODE ISLAND HOSPITAL TRUST NATIONAL BANK, as Trustee Under Agreement with Frederic H. Bontecou, Jr., Deceased, Appellant, v JOHN A. MULCAHY, Respondent. — In a holdover proceeding consolidated with an action for specific performance and damages, the landlord (defendant in the action and petitioner in the holdover proceeding) appeals (1) from an order of the Supreme Court, Dutchess County (Martin, J.), dated August 29, 1980, which, *inter alia,* denied the landlord's motion for summary judgment in the holdover proceeding and to dismiss the tenant's complaint in the action and (2) from so much of a further order of the same court, dated October 8, 1980, as, upon reargument, adhered to the determination denying the motion. Appeal from the order dated August 29, 1980 dismissed, without costs or disbursements. That order was superseded by the order granting reargument. Order dated October 8, 1980 reversed insofar as appealed from, on the law, without costs or disbursements, order dated August 29, 1980 vacated, and the motion for summary judgment in the holdover proceeding and to dismiss the tenant's complaint is granted. In November, 1969 John Mulcahy and Frederic Bontecou entered into a 10-year lease. Mulcahy was designated the tenant under the lease and Bontecou the landlord. The 191 acres involved were operated as a pheasant farm. Paragraph 30 of the rider to the lease provides: "The tenant shall have the option of renewing this lease at the end of the ten (10) year term for another five (5) years at a mutually agreeable rent to be agreed upon by the parties at the time the tenant exercises said option. The tenant must advise the landlord at least sixty (60) days prior to the expiration of this lease of his intention to exercise the five (5) year option." Paragraph 32 of the rider to the lease reads: "The tenant shall have the right during the term of this lease to erect other buildings on the premises provided he complies with all of the building regulations and restrictions of the building authorities in that area. The tenant agrees to submit plans of such buildings in advance to the landlord. If any such buildings are erected on the premises, the same shall become the property of the landlord at the termination of the lease." Mr. Mulcahy built a hunting lodge which, in 1974, was assessed to have improved the value of the land in the amount of $190,000. In 1974 Mr. Bontecou passed away and the property was bequeathed to Rhode Island Hospital Trust National Bank (the bank) as trustee under a separate trust agreement with the deceased. In July, 1979 Mulcahy informed the bank that he was exercising the renewal option. On October 3, 1979, 12 days before the lease expired, the bank responded that it deemed the option unenforceable. Mulcahy remained

on the land. In April, 1980 the bank brought a summary proceeding for rent and repossession. In May, 1980 Mulcahy sued for specific performance and damages by virtue of unjust enrichment. The actions were consolidated and Special Term denied the branch of the bank's motion which was for summary judgment in the holdover proceeding, finding that issues of fact exist, but ordered the tenant to pay rent under the terms of the original lease. Special Term further denied the branch of the landlord's motion which sought dismissal of the tenant's complaint. The option to renew at a "mutually agreeable rent to be agreed upon" is unenforceable. (See *Martin Delicatessen v Schumacher,* 52 NY2d 105.) The language used by the parties to the contract was clear. The fact that the tenant invested a substantial sum of money in improving the property does not in this case create an issue of fact as to whether there was a duty to negotiate new rental terms. Under the agreement, the tenant was well aware that all improvements became the property of the landlord. The landlord properly asserted that the option was unenforceable. The record does not suggest any unconscionable acts or overreaching on the landlord's part. Accordingly, the tenant's complaint is dismissed and the landlord is granted summary judgment in the holdover proceeding. Gulotta, J.P., Cohalan, O'Connor and Bracken, JJ., concur.