■ Nicholas D. Demisay, Doing Business as Clove Lakes Nursing Home and Health Related Facility, Appellant, v Allied Clove Lakes Co. et al., Respondents. — In an action, *inter alia*, to direct defendant Allied Clove Lakes Co. to execute a renewal of a lease, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Goldberg, J.), dated March 2, 1982, as amended by an order of the same court, dated March 11, 1982, as granted defendants' cross motion for partial summary judgment on the first, second, and fourth causes of action asserted in plaintiff's complaint. Order modified, on the law, so as to reinstate plaintiff's fourth cause of action and thereupon it is declared that the 1967 and 1971 leases at issue terminated on January 31, 1982. As so modified, order affirmed insofar as appealed from, without costs and disbursements. On February 1, 1967 a lease of a nursing home facility on Staten Island was entered into between the predecessor in interest of defendant Allied Clove Lakes Co., as landlord, and the plaintiff and another to whose interest plaintiff succeeded, as tenants, for a 25-year term commencing May 1, 1967 and terminating on the last day of April, 1992. Paragraph 38 of that lease provided that plaintiff would have the right to surrender and cancel the lease at the expiration of 15 years, i.e., as of April 30, 1982. In the absence of such surrender and cancellation, the lease would be "deemed renewed" for the remaining 10 years. On April 22, 1971 the plaintiff and defendant Allied Clove Lakes Co. entered into a second lease of a separate health related facility. That second lease by its express terms provided that it would terminate on January 31, 1982, and also provided that the initial 15-year term of the 1967 lease could be terminated as of that date as well. The 1971 lease, in clause (b) of paragraph 5 thereof, also provided that "[t]enant, as a condition for exercising the option as set forth in paragraph 38 of the lease dated February 1, 1967, to extend the said lease for an additional period of ten years shall * * * be required to negotiate and execute a lease mutually acceptable" for the separate health related facility for the same additional 10-year period. Plaintiff indicated a desire to continue his rental of the nursing home for the last 10 years of the lease, and to that end sought to negotiate a mutually acceptable lease for the health related facility during that period. The defendant Allied Clove Lakes Co. prepared a formula for computing a new rent on the health related facility. By letter dated February

26, 1981, plaintiff responded that the amount of rent proposed for the new lease on the health related facility was "so excessive as to be unrealistic." Negotiations then broke down and the instant lawsuit followed. We agree with so much of the decision of Special Term as upon granting partial summary judgment to defendants, dismissed the first and second causes of action alleged in the complaint. Clause (b) of paragraph 5 of the 1971 lease entered into between plaintiff and defendant Allied Clove Lakes Co. is, in our view, nothing more than an "agreement to agree, in which a material term is left for future negotiations", which has been clearly held by our Court of Appeals to be unenforceable (*Martin Delicatessen v Schumacher,* 52 NY2d 105, 109; see, also, *Mulcahy v Rhode Is. Hosp. Trust Nat. Bank,* 83 AD2d 846, mot for lv to app dsmd 55 NY2d 1036). The 1971 lease conditioned plaintiff's right to continue leasing the nursing home under the 1967 lease upon reaching an agreement to renew the 1971 lease for the separate health related facility. Since the parties could not agree on terms to renew the 1971 lease, the 1967 lease terminated on January 31, 1982. Plaintiff's fourth cause of action sought a declaration of the date upon which the 1967 lease terminated or was to terminate. Defendants' cross motion for summary judgment requested, in part, that under the fourth cause of action, the court declare that the 1967 lease terminated on January 31, 1982. Special Term erred in dismissing the fourth cause of action (*Lanza v Wagner,* 11 NY2d 317, app dsmd 371 US 74) and accordingly its order is modified so as to declare that the 1967 and 1971 leases terminated on January 31, 1982. Damiani, J. P., Mangano, O'Connor and Brown, JJ., concur.