■ HARLOW APPAREL, INC., Respondent-Appellant, v DAVID PIK INTERNATIONAL, INC., et al., Appellants-Respondents. — Judgment, Supreme Court, New York County (Kristin Booth Glen, J.), entered May 17, 1983, which awarded judgment to plaintiff on a jury verdict on the second cause of action for fraud and set aside the verdict in favor of plaintiff on the first cause of action for breach of contract, modified, on the law, without costs or disbursements, to reinstate the verdict and award judgment to plaintiff on the first cause of action for breach of contract, vacate the judgment in favor of plaintiff on the second cause of action for fraud and otherwise affirm. The appeal from the order (same court), entered July 20, 1983, denying defendants' motion to set aside the verdict, is dismissed as subsumed in the appeal and cross appeal from the judgment, without costs.

On review of the record, we agree that the memorandum between the parties, dated June 19, 1981, did contain all of the essential terms of a binding sublease of the premises, providing for a basic monthly rental, plus expenses and escalation on the same terms as provided in the prior sublease with Richezza. The memorandum, which was initialed and agreed to by the parties, set forth the total space to be covered by the sublease, the rent required to be paid and the term agreed upon, providing that the

sublease was to commence July 1, 1981 and to terminate December 31, 1984. The agreement further provided for payment of two months' security, a deposit of $1,000, which was paid, and specified the necessity of obtaining the consent of the owner.

While the memorandum did include provision for "2 weeks for OK, Harlow lawyer," the proof at trial clearly demonstrated that the parties had reached an agreement and the submission to plaintiff's attorneys was not to approve or negotiate any of the terms which had already been agreed to. There was testimony on this score both from plaintiff's witnesses, Huberman and Weiser, and from defendant Pik, all of whom had met and agreed to the terms of the sublease on June 19, 1981. The written memorandum was submitted to plaintiff's attorneys, not to review the substance of the agreement, but to prepare a formal sublease, essentially retyping the terms of the Richezza sublease for these parties. Pik was in agreement that the Harlow's lawyer was to "write a lease" and he did not contact his own attorneys to instruct them to draft a formal sublease.

The real factual dispute concerned whether defendant had represented that plaintiff could have the space notwithstanding the Richezza litigation. Plaintiff claimed that he had been represented by Pik, who had stated that Richezza was only interested in securing a return of its security. Pik, on the other hand, contended that he had advised both Huberman and Weiser that the space would be available to Harlow only if Richezza did not take it. The dispute was resolved by the jury and there is no basis to interfere with the factual findings based upon the jury's assessment of the proof and the credibility of the witnesses.

The record also reflects that there was a subsequent conversation between the attorneys on June 23, 1981. However, under the circumstances, whether the additional matters then discussed were incidental or essential to the terms of the written memorandum was a factual issue properly submitted to the jury for resolution. By its verdict in favor of plaintiff on the contract cause of action, the jury resolved the issue by determining that the additional matters were not essential terms to a binding agreement. On that basis, the trial court improperly set aside the verdict in favor of plaintiff on the first cause of action.

Accordingly, we reinstate the verdict on the contract cause of action and, inasmuch as the reinstated verdict accords to the plaintiff all of the relief to which it is entitled i.e., the difference between the rent agreed upon and the fair market rental value which plaintiff was required to pay by reason of the breach, we set aside the verdict on the second cause of action for fraud and

vacate the judgment to that extent. Under the peculiar circumstances of this case, having concluded that there was an agreement, the only claim on which plaintiff could recover on these facts was for breach of contract. Concur — Sandler, J. P., Fein and Kassal, JJ.

Silverman, J., concurs in a separate memorandum as follows: As it was stipulated that the damages should be the same on both the fraud cause of action and the contract cause of action, and the jury found for the plaintiff on both causes of action, I do not think it matters whether one cause of action is dismissed, provided the other stands. Accordingly, I concur in affirming the judgment.