Peter Lupoli et al., Respondents, v West Hills Neighborhood Associates, Inc., et al., Appellants.

The plaintiffs allege in their complaint that the defendant West Hills Neighborhood Associates, Inc. (hereinafter West Hills) agreed to convey to the plaintiffs certain real property. Any such contract is enforceable only if an authorized agent of West Hills subscribed a document containing all of the essential terms of the agreement (see, General Obligations Law § 5-703 [2]; *Mashomack Fish & Game Preserve Club v Estate of Jackson,* 130 AD2d 464, 465; *Elghanayan v Forest Hills No. 2 Co.,* 123 AD2d 417, 418). There are two documents contained in the present record which are subscribed by an agent of West Hills, and which could be considered as a

reflection of an agreement. The first is a handwritten memorandum dated August 12, 1986, which refers to certain proposed terms to be included in a *future* contract. This document indicates that those terms were subject to approval by the shareholders of West Hills. The second is a letter dated October 30, 1986, which referred to a proposed "draft" of a contract of sale, and which indicated that the agreement was subject to the approval of the directors of West Hills. The plaintiffs' attorney responded to this letter by requesting extensive changes in the terms of the proposed contract.

It is clear from the language of these documents, as well as from the remainder of the evidence contained in the record, that the parties contemplated entering into a future, more complete and formal contract, and that they had at most an "agreement to agree" *(see, Tamir v Greenberg,* 119 AD2d 665, 667, *lv denied* 68 NY2d 607; *Sheehan v Culotta,* 99 AD2d 544). The more formal agreement which the parties had hoped to reach never materialized, and it is clear from all the evidence in the record that no meeting of the minds ever occurred. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.