■ NEDICK'S STORES, INC., Respondent, v T.S.N.Y. REALTY CORP., Appellant, et al., Defendants.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on April 6, 1989, insofar as it granted the plaintiff partial summary judgment dismissing the defendant's first two counterclaims, is unanimously affirmed, with costs and disbursements.

The defendant leased to the plaintiff commercial real estate in Manhattan, which is used for a Carvel ice cream store pursuant to a sublease between plaintiff and a Carvel franchisee. The plaintiff's original sublessee has sold her business. The two purchasers entered into an agreement entitled "Assignment of Lease and Assumption Agreement", under the terms of which the "assignees" provided the plaintiff, as "assignor", with a conditional reassignment upon breach of the terms of the lease or of Carvel's license. The pleadings in this matter include a counterclaim for a declaration that the lease has been extinguished by reason of this assignment.

The IAS court erred in holding that this agreement was a sublease and not an assignment on the basis of the conditional

reassignment. A sublease may be distinguished from an assignment by the presence of a reversionary interest. *(Anchor Holding Co. v Michael's Coffee Shop,* 81 AD2d 535.) Here, the plaintiff has the right to reenter only on a breach of the assignment agreement. A contingent right of reentry is not a reversionary interest. *(McSpadden v Dawson,* 117 AD2d 453, 459.) Furthermore, the agreement does not have the essential elements of a sublease. *(See, Harlow Apparel v Pik Intl.,* 106 AD2d 345, *appeal dismissed* 64 NY2d 1013.)

Nonetheless, the first counterclaim was properly dismissed. An effective assignment requires delivery and acceptance. *(Lynch v Joseph,* 228 App Div 367, 370.) The plaintiff submitted uncontradicted proof that the assignment was never formally delivered or accepted, and that the parties to the assignment agreement have never treated it as valid. Since there is no triable issue of fact as to whether there was an effective assignment of the lease, there is no triable issue as to whether such assignment extinguished the lease between the plaintiff and the defendant. Concur—Murphy, P. J., Kupferman, Sullivan, Carro and Rosenberger, JJ.