■ KATHLEEN LAMACCHIA, Respondent, v DAVID BLOVAT, Appellant, et al., Defendant. [739 NYS2d 507] —Appeal from an order of Supreme Court, Onondaga County (Centra, J.), entered January 24, 2001, which, inter alia, granted plaintiff's motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying plaintiff's motion and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in granting plaintiff's motion for partial summary judgment on the issue of liability against David Blovat (defendant). Plaintiff landlord commenced this action asserting, inter alia, a breach of contract cause of action against defendant based on his alleged breach of a lease agreement. Where the provision of an agreement is clear and unambiguous, parol evidence may not be introduced to create an ambiguity in that provision where none exists (see, W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163). Where, however, the provision is ambiguous, "the matter must be explored further so that the true intent of the parties concerning the provision can be determined" (Bakas Rest. v Charos, 111 AD2d 360, 363; see also, Pantote Big Alpha Foods v Schefman, 121 AD2d 295, 296). Here, the lease agreement is ambiguous concerning the status of defendant under the agreement. Although he signed the lease agreement on the second line under the "tenant" heading, only the name "Mark A. Brown" appears in the opening section of the lease under the "tenant" heading, and the term "tenant" appears in the singular form throughout the body of the lease, including in an addition to clause 32, which was handwritten by plaintiff's rental agent. The affidavit of defendant Anthony J. Tucci, plaintiff's rental agent, supports the position of defendant in opposition to plaintiff's motion that he signed the lease as a guarantor rather than as a tenant. Under those circumstances, plaintiff was not entitled to partial summary judgment on the issue of liability (see, Blue Jeans U.S.A. v Basciano, 286 AD2d 274, 276-277). We therefore modify the order by denying plaintiff's motion. Present—Pigott, Jr., P.J., Hayes, Wisner, Hurlbutt and Gorski, JJ.