■ DEGREE SECURITY SYSTEMS, INC., Respondent, v F.A.B. LAND CORP., Appellant. [756 NYS2d 248] —In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated June 10, 2002, which denied its motion for summary judgment dismissing the complaint and to vacate a notice of pendency, and, sua sponte, granted summary judgment to the plaintiff on its cause of action for specific performance.

Ordered that the order is affirmed, with costs.

Although we affirm the order appealed from, we do so on grounds different from those articulated by the Supreme Court. In 1999, nonparty 58 North 6th Street Development Corp. (hereinafter Development Corp.), an affiliate of the plaintiff, Degree Security Systems, Inc. (hereinafter Degree), entered into a contract (hereinafter the 1999 contract) for the sale of a parcel of property owned by the defendant F.A.B Land Corp. (hereinafter FAB). In a rider to the 1999 contract, FAB gave

Degree a right of first refusal for the purchase of future parcels owned by FAB, such as the subject premises located at 69 North 6th Street in Brooklyn (hereinafter the subject premises).

In July 2001 an independent third-party purchaser offered to buy the subject premises from FAB for $1,150,000. The record establishes that by a letter dated July 18, 2001, FAB offered to sell the subject premises to Degree, for $1,150,000, pursuant to the right of first refusal clause. Pursuant to the language contained in the right of first refusal clause, Degree properly accepted the offer to buy the subject premises by letter dated July 27, 2001, submitted properly to FAB's counsel. After acceptance, FAB and Degree scheduled a meeting to discuss the details of the contract. However, FAB's counsel adjourned that meeting, without rescheduling, after FAB received a higher purchase offer from a different third-party buyer. Ignoring Degree's prior acceptance at the initial offering price, FAB, again via the right of first refusal, offered to sell the subject premises to Degree for the higher price. FAB subsequently sold the subject premises to a third buyer for $1,550,000. Degree then instituted the instant action for, inter alia, specific performance. During the pendency of this action, FAB moved for summary judgment. The Supreme Court denied that motion and, sua sponte, granted the plaintiff summary judgment on its cause of action for specific performance. Pursuant to a decision and order on motion of this Court, enforcement of that order was stayed pending the determination of the instant appeal.

Initially, it is noted that the Supreme Court erred in essentially finding in its memorandum decision that, irrespective of whether the right of first refusal continued in effect after the closing of the 1999 contract, there was a specific offer by FAB and a specific acceptance of that offer by Degree. Assuming, arguendo, that the right of first refusal was not in effect at the time that the offer was made to Degree, Degree's acceptance fell short of the offer by FAB (see Barber-Greene Co. v M.F. Dollard Jr. Inc., 239 App Div 655 [1934], affd 267 NY 545 [1935]; see also 22 NY Jur 2d, Contracts § 52). FAB's initial offer to Degree required that upon acceptance of the offer, Degree had to simultaneously tender a down payment in the amount of $115,000. While Degree properly submitted its acceptance to FAB's counsel in writing, it did not tender the $115,000 down payment. Thus, if the right of first refusal was not in effect at the time the offer was made, there was no valid acceptance. However, contrary to FAB's contention, the right of first refusal did continue in effect after the 1999 contract's closing and was

in effect at the time that FAB made its initial offer to Degree. Moreover, the language of the right of first refusal rendered Degree's failure to tender the $115,000 down payment irrelevant, as there was acceptance irrespective of this failure.

FAB further contends that even if the right of first refusal continued in effect after the 1999 contract's closing, Degree's acceptance of the offer did not form a valid contract. FAB notes that its initial offer to Degree contained a specific provision requiring that if Degree accepted the offer it had to simultaneously remit a down payment of $115,000. It therefore argues, for the first time on appeal, inter alia, that since Degree did not tender down payment with its acceptance, there was no contract since Degree's acceptance did not mirror the offer. FAB is incorrect. The pertinent language of the right of first refusal states that "(the purchase price to be payable in full at closing)." The right of first refusal further states, "In the event Seller (FAB) receives an offer for the properties from an unrelated third party in an arms length transaction, Seller (FAB) shall be obligated to offer the properties to Degree on the same terms and conditions" as was made in the third-party offer to FAB. A review of the proposed contract submitted along with FAB's offer to Degree established that the $115,000 payment was to be paid "upon the signing of the contract," not acceptance. It is undisputed that the initial offer of the third-party buyer to FAB did not contain a $115,000 down payment to be made upon acceptance. FAB, for the first time on appeal, argues that its down payment request was reasonable. However, FAB's request was not only not reasonable, by the terms of the right of first refusal it was unauthorized. Degree's bargained-for performance in this regard was that FAB would relay the same offer, under the same terms and conditions that it received from the third party. This did not occur in the instant case. Since the initial offer by the third-party purchaser was obviously acceptable to FAB, under the clear language of the right of first refusal, FAB was "obligated to offer the properties to Degree on the same terms and conditions." Therefore, the fact that Degree did not tender the down payment at the time that it accepted FAB's offer did not change the fact that there was a clear and unequivocal acceptance of the offer, since such a down payment request was unauthorized. Thus, the Supreme Court properly granted summary judgment to Degree on its cause of action for specific performance.

The parties remaining contentions are either unpreserved for appellate review or without merit. Santucci, J.P., Smith, H. Miller and Adams, JJ., concur.