■ LINDA PFISTER, Appellant, v WATERTOWN CITY SCHOOL DISTRICT et al., Respondents. [762 NYS2d 210] —Appeal from an order of Supreme Court, Jefferson County (Gilbert, J.), entered February 26, 2002, which dismissed the complaint after a nonjury trial.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Supreme Court properly dismissed the complaint in this breach of contract action following a bench trial. Because the language of the agreements at issue is ambiguous, the court properly allowed the introduction of parol evidence concerning the true intent of the parties (*see Lamac-*

*chia v Blovat*, 292 AD2d 789 [2002]). Plaintiff failed to meet her burden of establishing that, when defendant Watertown City School District (District) decided to participate in the State-authorized early retirement incentive program, it was required to tailor the eligibility requirements to ensure her participation. We agree with the District that the provision in one of the agreements that "the School District will *allow* the [plaintiff] to be eligible for and participate in the retirement incentive program" (emphasis added) was intended to ensure only that plaintiff would not be precluded from participating in any future early retirement incentive program by her resignation.

Contrary to plaintiff's contention, the issue here is not whether the District *could* have included plaintiff within the "target group" of employees who were eligible for the early retirement incentive program, but whether the District was *required* to do so under the agreements. It is not logical to conclude, and plaintiff could not have reasonably expected, that, in order to settle a grievance, the District would or even could contract with her to shape the early retirement program solely for her benefit, to the detriment of other employees (*see generally Weisberger v Goldstein*, 242 AD2d 622, 623 [1997]). Had the parties intended that result, the agreements at issue should have contained more specific language. Consequently, we affirm.

All concur except Pigott, Jr., P.J., and Scudder, J., who dissent and vote to reverse in accordance with the following memorandum.

Pigott, Jr., P.J., and Scudder, J. (dissenting). We respectfully dissent. In our view, Supreme Court erred in dismissing the complaint in this breach of contract action. Plaintiff had been an employee of defendant Watertown City School District (District) for 33 years in April 1997 when she entered into two related, but independent, contracts with the District in settlement of an improper practice charge that plaintiff had previously filed against the District. Pursuant to the contract that is the subject of this dispute, plaintiff agreed to retire from her position with the District, and in exchange the District agreed to allow plaintiff to participate in an early retirement incentive program that was then being considered by the State of New York, in the event that the District opted to participate in the program. The State thereafter enacted legislation authorizing the early retirement incentive program. The enabling legislation required that participants in the program be at least 50 years of age with 10 years of service, and that the District save

at least 50% of the salaries of the eligible retirees in the following two years. The District opted to participate in the program but created a "target group" that did not include plaintiff.

"A familiar and eminently sensible proposition of law is that, when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms. Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing" (*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). The contract at issue here expressly provides that the District "will allow [plaintiff] to be eligible for and participate in the retirement incentive program." In our view, that contractual language is clear, complete and unambiguous, and required the District to permit plaintiff to participate in the 1997 early retirement incentive program if the District opted to participate therein (*cf. St. Mary v Paul Smith's Coll. of Arts & Sciences*, 247 AD2d 859, 860 [1998]). Thus we would reverse the order, grant judgment on liability in favor of plaintiff and grant a new trial on damages only. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Lawton and Hayes, JJ.