■ WILLIAMSBURG BUSINESS PARK, LLC, Appellant, v BROOKLYN NAVY YARD DEVELOPMENT CORPORATION, Respondent, et al., Intervenor-Defendant. (Matter No. 1.) In the Matter of WILLIAMSBURG BUSINESS PARK, LLC, Appellant, v NEW YORK CITY DEPARTMENT OF BUSINESS SERVICES, Respondent. (Matter No. 2.) [767 NYS2d 834]—

In an action, inter alia, for specific performance of a purported lease agreement between the plaintiff, Williamsburg Business Park, LLC, and the defendant, Brooklyn Navy Yard Development Corporation, and a related proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Business Services dated April 30, 2002, to withhold approval of the purported lease agreement, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County (Barasch, J.), dated October 15, 2002, which denied the motion of Williamsburg Business Park, LLC, in Matter No. 1, inter alia, to enjoin the defendant in that action, Brooklyn Navy Yard Development Corporation from soliciting, negotiating, or entering into any agreement to develop the so-called Kent Avenue Site of the Brooklyn Navy Yard with anyone other than Williamsburg Business Park, LLC, pending the outcome of the action, granted the separate cross motions of the defendant Brooklyn Navy Yard Development Corporation and the intervenor-defendant City of New York to dismiss the complaint, and denied the petition.

Ordered that the order and judgment is affirmed, with one bill of costs payable to the Brooklyn Navy Yard Development Corporation and the New York City Department of Business Services.

Contrary to the contention of the plaintiff Williamsburg Busi-

ness Park, LLC, in Matter No. 1, the Supreme Court properly dismissed the complaint in Matter No. 1. The writing relied upon by the appellant was an agreement to agree, which is unenforceable under the statute of frauds (*see* General Obligations Law § 5-703; *Martin Delicatessen v Schumacher,* 52 NY2d 105, 109-110 [1981]; *Sabetfard v Smith,* 306 AD2d 265 [2003]; *Checkla v Stone Meadow Homes,* 280 AD2d 510 [2001]; *Tribune Print. Co. v 263 Ninth Ave. Realty,* 88 AD2d 877, 878-879 [1982], *affd* 57 NY2d 1038 [1982]).

The Supreme Court properly denied the CPLR article 78 petition and dismissed Matter No. 2, as the determination of the respondent New York City Department of Business Services to withhold approval of the purported lease was not arbitrary or capricious and was supported by a rational basis (*see Matter of Pell v Board of Educ.,* 34 NY2d 222 [1974]).

The appellant's remaining contentions either are without merit or need not be reached in light of our determination. Altman, J.P., Florio, Luciano and Rivera, JJ., concur.