■ BENEDICT REALTY Co., Now Known as BENEDICT RICHMOND LLC, Appellant, v CITY OF NEW YORK, Respondent. [846 NYS2d 294]—

In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated April 24, 2006, as granted those branches of its motion which were for summary judgment on its causes of action to recover damages for use and occupancy and operating expense escalations only to the extent of awarding it the principal sum of $80,900.50, denied those branches of its motion which were for summary judgment on the issue of liability on its causes of action alleging breach of contract and fraud, and granted those branches of the defendant's cross motion which were for summary judgment dismissing the causes of action alleging breach of contract and fraud.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant made a prima facie showing of entitlement to

judgment as a matter of law with respect to the breach of contract cause of action based on the statute of frauds. The writing the plaintiff relied on was a mere agreement to agree, which is unenforceable under the statute of frauds (*see* General Obligations Law § 5-703 [2]; *Williamsburg Bus. Park v Brooklyn Navy Yard Dev. Corp.*, 2 AD3d 439, 439-440 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's reliance on the doctrine of part performance is misplaced (*see* General Obligations Law § 5-703 [4]). That doctrine may be invoked where a plaintiff's actions can be characterized as "unequivocally referable" to the alleged agreement (*see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235-236 [1999]; *Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]; *Burns v McCormick*, 233 NY 230, 232 [1922]). That is not the case at bar, where, among other things, the plaintiff's actions were required by the provisions of a previous lease between the parties.

In addition, the defendant made a prima facie showing of entitlement to judgment as matter of law with respect to the fraud cause of action. In opposition, the plaintiff failed to raise a triable issue of fact. A cause of action alleging fraud does not lie where, as here, the only fraud claim relates to an alleged breach of contract (*see Tiffany at Westbury Condominium v Marelli Dev. Corp.*, 40 AD3d 1073, 1076-1077 [2007]; *Ross v DeLorenzo*, 28 AD3d 631, 636 [2006]).

Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on its causes of action alleging breach of contract and fraud, and properly granted those branches of the defendant's cross motion which were for summary judgment dismissing those causes of action.

The plaintiff's remaining contentions are without merit. Miller, J.P., Lifson, Angiolillo and McCarthy, JJ., concur. [*See* 11 Misc 3d 1086(A), 2006 NY Slip Op 50720(U).]