◼ 410 BPR CORPORATION et al., Respondents, v CHMELECKI ASSET MANAGEMENT, INC., et al., Appellants. [859 NYS2d 209]—

In an action, inter alia, for a judgment declaring that the plaintiff 410 BPR Corporation properly exercised its option to renew a lease and that a valid lease extension exists, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered May 3, 2007, as denied that branch of their cross motion which was for partial summary judgment, in effect, declaring that the plaintiff 410 BPR Corporation did not properly exercise its option to renew the lease and that a valid lease extension does not exist.

Ordered that the order is reversed insofar as appealed from, on the law, with costs; that branch of the defendants' cross motion which was for partial summary judgment is granted; and the matter is remitted to the Supreme Court, Westchester

County, for the entry of a judgment, inter alia, declaring that the plaintiff 410 BPR Corporation did not properly exercise its option to renew the lease and that a valid lease extension does not exist.

The plaintiff corporation and the defendant corporation are the tenant and the landlord, respectively, under a lease with respect to certain real property located in Mamaroneck. A rider to the subject lease contained a provision granting the tenant an option to renew the lease "for an additional term to be agreed upon by the parties." The renewal provision also called for the parties to renegotiate security and rent for any such renewal term six months before the expiration of the lease.

Prior to and subsequent to the expiration date of the lease, negotiations took place between the parties and their attorneys regarding renewal of the lease. Although various writings were exchanged between the parties and their attorneys, no formal agreement was ever consummated. While the negotiations were taking place, the tenant remained at the premises and continued to pay rent to the landlord at an increased rate as provided for in one of the landlord's renewal offers. Ultimately, the landlord ended the negotiations, returned the tenant's rent checks for the months subsequent to the lease expiration date, and served the tenant with a 30-day notice to terminate.

The plaintiffs commenced this action seeking, inter alia, a judgment declaring that the tenant properly exercised its option to renew the lease and that a valid lease extension exists, claiming that the parties had, in fact, reached an agreement as to the terms of a renewal lease. The defendants interposed an answer, asserting, among other things, the statute of frauds as an affirmative defense.

"[I]n this State . . . a mere agreement to agree, in which a material term is left for future negotiations, is unenforceable" (*Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]; *see Benedict Realty Co. v City of New York*, 45 AD3d 713, 714 [2007]; *Frankel v Ford Leasing Dev. Co.*, 7 AD3d 757 [2004]; *Williamsburg Bus. Park v Brooklyn Navy Yard Dev. Corp.*, 2 AD3d 439, 440 [2003]). Here, the defendants established their prima facie entitlement to judgment as a matter of law for declaratory relief by submitting, inter alia, a copy of the subject lease and rider, which demonstrated that the subject renewal provision constitutes an unenforceable agreement to agree (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d at 110-111; *Demisay v Allied Clove Lakes Co.*, 91 AD2d 1032, 1033 [1983]; *Mulcahy v Rhode Island Hosp. Trust Natl. Bank*, 83 AD2d 846, 847 [1981]; *cf. Kaplan v Lippman*, 75 NY2d 320

[1990]). In that regard, the defendants also submitted an affidavit of the landlord's representative, supported by documentary evidence, in which the representative averred that the landlord and the tenant never reached an agreement regarding renewal of the lease and that a renewal lease never was signed by the parties.

In opposition to the defendants' prima facie showing, the plaintiffs failed to raise an issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to the plaintiffs' contention, the correspondence exchanged between the parties and their attorneys did not establish a binding agreement between the landlord and the tenant as to the terms of a renewal lease (*see Degree Sec. Sys. v F.A.B. Land Corp.*, 302 AD2d 555, 556 [2003]; *Brois v DeLuca*, 154 AD2d 417, 418 [1989]). Absent any other written proof that the landlord and tenant reached a mutual understanding and agreement regarding the terms of a renewal lease, the plaintiffs' claim to that effect is barred by the statute of frauds (*see* General Obligations Law § 5-703 [2]; *Urgo v Patel*, 297 AD2d 376, 377 [2002]). Furthermore, since the plaintiffs also failed to show that the parties ever reached a complete oral agreement as to the material terms of a lease extension, there is no merit to their contention that the doctrine of partial performance takes the alleged agreement outside the scope of the statute of frauds (*see MacKenzie v MacKenzie*, 13 AD3d 1010 [2004]; *Venture Mfg. [Singapore] v Matco Group*, 6 AD3d 850 [2004]).

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of an appropriate declaratory judgment (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Ritter, Carni and Eng, JJ., concur.