■ Luis E. Rivera, Sr., Respondent, v Vincent Alaimo et al., Appellants. [863 NYS2d 452]—

In an action, inter alia, to recover a deposit made in contemplation of a purported lease, the defendants appeal from (1) an order of the Supreme Court, Orange County (Owen, J.), dated March 14, 2007, which, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the cause of action to recover a deposit made in contemplation of a purported lease, and (2) a judgment of the same court dated July 3, 2007, which, upon the order, is in favor of the plaintiff and against them in the principal sum of $12,000, and dismissed their answer and counterclaim.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

A handwritten agreement signed by the plaintiff and the defendant Vincent Alaimo provided that certain payments and other material terms of a purported lease and contract to sell fixtures were dependent upon the preparation and execution of a "final lease agreement." Moreover, the handwritten agreement did not state who the landlord and tenant were, and failed to describe the premises to be leased. Thus, the handwritten agreement constituted a mere agreement to agree, which is unenforceable (*see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]; *410 BPR Corp. v Chmelecki Asset Mgt., Inc.*, 51 AD3d 715 [2008]; *Breuer v Feder*, 27 AD3d 509 [2006]; *Frankel v Ford Leasing Dev. Co.*, 7 AD3d 757 [2004]; *Venture Mfg. [Singapore] v Matco Group*, 6 AD3d 850 [2004]; *Lupoli v West Hills Neighborhood Assoc.*, 140 AD2d 312, 313 [1988]; *cf. Harlow Apparel v Pik Intl.*, 106 AD2d 345 [1984]).

It is undisputed that no lease or contract was ever signed by the parties. Thus, the parties never reached an agreement for the lease of the subject premises or contracted for the sale of fixtures (*see* General Obligations Law § 5-703). Accordingly, the plaintiff, by tendering the unsigned documents and the handwritten agreement on his motion, established his entitlement to judgment as a matter of law on the cause of action to recover a deposit made in contemplation of a purported lease (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *410 BPR Corp. v Chmelecki Asset Mgt. Inc.*, 51 AD3d 715 [2008]). Thus, the Supreme Court correctly granted summary judgment to the plaintiff on that cause of action.

The parties' remaining contentions are without merit. Prudenti, P.J., Ritter, Florio and McCarthy, JJ., concur.