OLIM REALTY, Respondent, v LANAJ HOME FURNISHINGS et al., Appellants. [885 NYS2d 750]—

In an action, inter alia, to recover unpaid rent and other charges pursuant to a lease, the defendants appeal from a judgment of the Supreme Court, Westchester County (Loehr, J.), entered July 12, 2007, which, upon an order of the same court (Lefkowitz, J.), dated July 26, 2005, granting the plaintiff's mo-

tion for summary judgment on the issue of liability, and after a nonjury trial on the issue of damages, is in favor of the plaintiff and against "Central Convertibles, Inc., d/b/a Lanaj Home Furnishings" in the principal sum of $5,555,121.33 and against the defendant Ibrahim Basir in the principal sum of $1,586,083.39.

Ordered that the judgment is reversed on the law, on the facts, and in the exercise of discretion, with costs, the plaintiff's motion for summary judgment on the issue of liability is denied, the order dated July 26, 2005, is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for a trial on the issue of liability in accordance herewith, and to determine the amount of reasonable attorney's fees to be awarded to the plaintiff, if warranted.

Initially, we note that the defendants previously appealed from the order dated July 26, 2005, granting the plaintiff's motion for summary judgment on the issue of liability. That appeal was dismissed by this Court for failure to prosecute. Although the defendants ordinarily would be precluded from relitigating issues which could have been raised on the prior appeal (see *Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350, 353 [1976]), and although the Supreme Court properly applied the law of the case doctrine (*cf. Long Is. Sound, LLC v O'Brien & Gere Engrs., Inc.,* 25 AD3d 668 [2006]), under the circumstances of this case, we exercise our discretion to determine the issues raised on the instant appeal (see *Faricelli v TSS Seedman's,* 94 NY2d 772, 774 [1999]).

In 1991 the defendant Ibrahim Basir, the president of the defendant Central Convertibles, Inc. (hereinafter Central Convertibles), executed a 10-year lease (hereinafter the 1991 lease) for the rental of certain commercial property from the plaintiff. Thereafter, in or about 1996, Basir entered into an oral agreement to rent additional office space from the plaintiff, referred to as "Rooms 212A and 213." On December 31, 2001, Basir executed a memorandum agreement terminating the 1991 lease and providing that the parties would execute a new 10-year lease, which was later drafted by the plaintiff's principal (hereinafter the 2001 lease). However, Basir never executed the 2001 lease. On April 14, 2004, the plaintiff commenced this action, inter alia, to recover unpaid rent and other charges that it claimed were due under the 1991 lease and the 2001 lease, and for unpaid rent it claimed was due on rooms 212A and 213.

The Supreme Court erred in granting the plaintiff's motion for summary judgment on the issue of liability. Enforcement of the 2001 lease was barred by the statute of frauds (*see* General

Obligations Law § 5-703 [2]). Contrary to the Supreme Court's determination, the memorandum agreement dated December 31, 2001, was insufficient to satisfy the statute of frauds because it was "a mere agreement to agree," and did not contain all of the essential terms of a complete agreement, such as the amount of rent due (*410 BPR Corp. v Chmelecki Asset Mgt., Inc.,* 51 AD3d 715, 716 [2008]; *see Joseph Martin, Jr., Delicatessen v Schumacher,* 52 NY2d 105, 109 [1981]; *Rouzani v Rapp,* 203 AD2d 446 [1994]).

The plaintiff's claims to recover unpaid rent and other charges pursuant to the 1991 lease that accrued prior to April 19, 1998, and unpaid rent for rooms 212A and 213 that accrued prior to April 19, 1998, are barred by the statute of limitations (*see* CPLR 213 [2]; *833 N. Corp. v Tashlik & Assoc.,* 248 AD2d 664 [1998]). Since this issue is one of law which appears on the face of the record and which could not have been avoided if raised at the proper juncture, it may be reached for the first time on appeal (*see Deltoro v Arya,* 305 AD2d 628 [2003]).

The plaintiff was not entitled to summary judgment on its claims to recover unpaid rent and other charges pursuant to the 1991 lease accruing on or after April 19, 1998, since there was a triable issue of fact as to whether Basir was personally liable as the tenant under that lease, or whether the intended tenant was Central Convertibles (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). While the plaintiff's president, Raphael G. Riverso, claimed that Basir executed the 1991 lease in his individual capacity, Basir asserted that he only signed the lease on behalf of Central Convertibles, and that he did not sign a personal guaranty contained in the lease. Moreover, the 1991 lease was ambiguous because it identified the "Tenant" as "Basir [doing business as] Central Convertibles," but Basir declined to sign the line above his name, and only signed the line above the name "CENTRAL CONVERTIBLES by Ibrahim Basir" (*see Lamacchia v Blovat,* 292 AD2d 789 [2002]). The plaintiff also failed to establish its entitlement to summary judgment on its claims for unpaid rent for rooms 212A and 213 accruing on or after April 19, 1998 (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for trial on the issue of liability on the plaintiff's claims for unpaid rent and other charges pursuant to the 1991 lease accruing on or after April 19, 1998, and unpaid rent for rooms 212A and 213 accruing on or after April 19, 1998.

The record does not reveal any basis for determining that the

court's award to the plaintiff of an attorney's fee in the sum of $63,300 represented a reasonable award (*see NYCTL 1998-1 Trust v Oneg Shabbos, Inc.*, 37 AD3d 789, 791 [2007]; *Kamco Supply Corp. v Annex Contr.*, 261 AD2d 363, 365 [1999]). Therefore, the matter must be remitted to the Supreme Court, Westchester County, for a determination as to a reasonable award.

The defendants' remaining contentions are unpreserved for appellate review, are without merit, or need not be addressed in light of our determination. Spolzino, J.P., Dillon, Florio and Angiolillo, JJ., concur.

Motion by the respondent on an appeal from a judgment of the Supreme Court, Westchester County, entered July 12, 2007, inter alia, to dismiss stated portions of the appeal on the ground that review is precluded pursuant to *Bray v Cox* (38 NY2d 350 [1976]). By decision and order on motion of this Court dated May 9, 2008, that branch of the motion which was to dismiss stated portions of the appeal was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which was to dismiss stated portions of the appeal is denied for the reason stated in our determination on the appeal. Spolzino, J.P., Dillon, Florio and Angiolillo, JJ., concur.