Budow Sales Corp. v G. Holdings Corp. (2019 NY Slip Op 03276)





Budow Sales Corp. v G. Holdings Corp.


2019 NY Slip Op 03276


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Friedman, J.P., Gische, Webber, Kahn, Oing, JJ.


9116 650433/13

[*1]Budow Sales Corp., et al., Plaintiffs-Appellants,
v
G. Holdings Corp., et al., Defendants, Eli Dahan, etc., et al., Defendants-Respondents.


Raymond Schwartzberg & Associates, PLLC, New York (Raymond Schwartzberg of counsel), for appellants.
Law Firm of Jeffrey S. Dweck, P.C., New York (Jeffrey S. Dweck of counsel), for respondents.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about March 26, 2018, which, to the extent appealed from as limited by the briefs, granted defendant Eli Dahan's cross motion for summary judgment dismissing the complaint as against him, unanimously affirmed, with costs.
Contrary to plaintiffs' contentions, their cause of action for breach of contract was properly dismissed against Dahan. The evidence in the record establishes that there was no sub-sublease between them and Dahan, whose company had entered into a written sublease with defendant Acrex, Inc. USA expressly giving the company "no right" to further sublease the premises without the written consent of Acrex. Only Acrex had the authority to waive this contractual provision (see Bank Leumi Trust Co. of N.Y. v Block 3102 Corp., 180 AD2d 588, 590 [1st Dept 1992], lv denied 80 NY2d 754 [1992]). The emails proffered by plaintiffs do not show otherwise, as they evince at most an understanding that plaintiffs and Dahan would be co-subtenants and do not set forth "the total space to be covered by the sublease, . . . the term agreed upon," or "the necessity of obtaining the consent of the [sublandlord]" (Harlow Apparel v Pik Intl., 106 AD2d 345, 345-346 [1st Dept 1984], lv denied 64 NY2d 609 [1985]; see General Obligations Law § 5-703[2]). Additionally, plaintiffs proffered no admissible evidence of Dahan's breach or causation of damages, but offered only hearsay and speculation (see CPLR 3212[b]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Plaintiffs' fraud cause of action was also properly dismissed against Dahan. They do not identify any "material misrepresentation of an existing fact" on which they relied, and testified, at most, that Dahan "entered into a contract with the intent not to perform," which is insufficient to support a fraud claim (MBIA Ins. Corp. v Countrywide Home Loans, Inc., 87 AD3d 287, 293 [1st Dept 2011]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK