Reis v J.B. Kaufman Realty Co., LLC (2020 NY Slip Op 01657)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Reis v J.B. Kaufman Realty Co., LLC

2020 NY Slip Op 01657

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-10961
(Index No. 707612/15)

[*1]Juvenal Reis, respondent, 
vJ.B. Kaufman Realty Co., LLC, et al., appellants.

Stempel Bennett Claman & Hochberg, P.C., New York, NY (Edmond P. O'Brien and Richard L. Claman of counsel), for appellants.
Lambert & Shackman, PLLC, New York, NY (Thomas C. Lambert and Steven Shaurman of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring, inter alia, that a certain lease expires on February 28, 2030, the defendants appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered October 3, 2017. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment declaring that the subject lease expired on February 29, 2016, and to cancel a notice of pendency filed by the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendants' motion which were for summary judgment declaring that the subject lease expired on February 29, 2016, and to cancel the notice of pendency filed by the plaintiff are granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the subject lease expired on February 29, 2016.
The plaintiff and the defendant J.B. Kaufman Realty Co, LLC (hereinafter J.B. Kaufman), were the tenant and the landlord, respectively, under a lease with respect to certain real property located in Long Island City. The plaintiff entered into the lease with J.B. Kaufman's predecessor in interest in 2002. Over the years, the plaintiff and J.B. Kaufman executed various letter agreements extending the terms of the original lease and providing for the lease of additional space within the subject building.
In a document dated June 27, 2012 (hereinafter the 2012 letter agreement), the parties "consolidate[d] all existing letter agreements to the same expiration date" of February 28, 2015. The 2012 letter agreement also stated that the terms of the lease were "extended to now terminate on Feb. 28, 2030," with "terms to be determined at the expiration of this initial lease consolidation period." The 2012 letter agreement further stated that any annual percentage increase in rent will not be less than five percent and will not exceed eight percent. The plaintiff and J.B. Kaufman disagreed about whether the 2012 letter agreement constituted a binding contract under which the plaintiff was entitled to remain in occupancy of the leased premises through February 2030. Despite the dispute regarding the 2012 letter agreement, the plaintiff and J.B. Kaufman agreed that the plaintiff could remain in possession of the premises through February 29, 2016, with a six percent increase in rent.
In July 2015, the plaintiff commenced this action for a judgment declaring that the lease expires on February 28, 2030, and that annual rent increases shall not be less than five percent and shall not exceed eight percent. The plaintiff also filed a notice of pendency with regard to the property. After the building was sold in July 2016, the new owner, 43-01 22nd Street Owner, LLC, was added as a defendant pursuant to a stipulation. The defendants moved, among other things, for summary judgment declaring that the lease expired on February 29, 2016, and to cancel the notice of pendency, contending that the 2012 letter agreement was an unenforceable agreement to agree. The Supreme Court, inter alia, denied those branches of the motion, and the defendants appeal.
A "mere agreement to agree, in which a material term is left for future negotiations, is unenforceable" (Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109; see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91). "This is especially true of the amount to be paid for the sale or lease of real property" (Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d at 110; see Olim Realty v Lanaj Home Furnishings, 65 AD3d 1318, 1320; 410 BPR Corp. v Chmelecki Asset Mgt., Inc., 51 AD3d 715, 716). An agreement is not enforceable as a lease unless all of the essential terms are agreed upon, and if "any of these essential terms are missing and are not otherwise discernible by objective means, a lease has not been created" (Matter of Davis v Dinkins, 206 AD2d 365, 367; see Olim Realty v Lanaj Home Furnishings, 65 AD3d at 1320; 410 BPR Corp. v Chmelecki Asset Mgt., Inc., 51 AD3d at 716-717; Mur-Mil Caterers v Werner, 166 AD2d 565, 566; Mulcahy v Rhode Island Hosp. Trust Natl. Bank, 83 AD2d 846, 847).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, a copy of the 2012 letter agreement, which demonstrated that the renewal provision was an unenforceable agreement to agree (see Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d at 110-111; 410 BPR Corp. v Chmelecki Asset Mgt., Inc., 51 AD3d at 716). In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment declaring that the lease expired on February 29, 2016, and to cancel the notice of pendency.
The plaintiff's remaining contentions are without merit.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the subject lease expired on February 29, 2016 (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court