Better Hous. Co., LLC v Professional Interior Contr., Inc. (2024 NY Slip Op 50403(U))

[*1]

Better Hous. Co., LLC v Professional Interior Contr., Inc.

2024 NY Slip Op 50403(U)

Decided on March 15, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 15, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2022-858 Q C

Better Housing Co., LLC, Crest Housing Co., LLC, and HPA Holding Co., LLC, Respondents,
against
Professional Interior Contracting, Inc., Appellant. 

Wenig Saltiel, LLP (Meryl L. Wenig of counsel), for appellant.
Stern & Stern, Esqs., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (John C.V. Katsanos, J.), entered September 13, 2022. The order, insofar as appealed from, denied the branch of tenant's motion seeking to "so order" an open-court stipulation of settlement memorialized in a November 19, 2019 transcript in a commercial nonpayment summary proceeding.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and the branch of tenant's motion seeking to "so order" the open-court stipulation of settlement memorialized in the November 19, 2019 transcript is granted.
Landlord commenced this commercial nonpayment proceeding to recover possession of the subject premises and $29,443.40. On November 19, 2019, the parties, represented by counsel, unequivocally informed the Civil Court that a settlement agreement had been reached. In open court, at landlord's counsel's suggestion, tenant's counsel orally set forth the terms of the stipulation of settlement on the record. The parties agreed to the option of a five-year lease extension at the end of the lease term, the price of the new base rent, the percentage of rent increases, tenant's future responsibilities for gas charges, and that tenant would pay for the prior gas charges. Tenant's counsel approximated the prior gas charges, without opposition, at $40,000, which landlord agreed to bill via 12 equal monthly payments added to the rent. Landlord's counsel also noted that the parties had agreed that the exercise of the five-year option [*2]would be on up to one year's notice, but then agreed with tenant's counsel that the notice provision should instead be on not less than one year's notice. The parties stated that they would submit to the Civil Court written stipulations and lease modifications to the Civil Court reflecting these terms.
In 2022, tenant filed a motion that sought to, among other things, "so order" the agreement as recorded in the transcript because the agreement was not subsequently memorialized due to a dispute over the terms. Landlord opposed by arguing that there was only an agreement to agree. By order entered September 13, 2022, the Civil Court denied that branch of tenant's motion because the lease modification was never submitted.
The parties were bound by the open-court stipulation they entered into, while represented by counsel, which set forth all of the material terms, and which was placed upon the record (see CPLR 2104; Bethea v Thousand, 127 AD3d 798 [2015]; Diarassouba v Urban, 71 AD3d 51 [2009]). The stipulation was no less binding solely because the parties did not subsequently submit a written lease modification reflecting the terms (see Wilson v Wilson,35 AD3d 595 [2006]).[FN1]
Nor was the open-court agreement unenforceable due to its failure to set forth the exact amount tenant was to pay for prior gas usage, as argued by landlord in opposition to tenant's motion, since that sum could be objectively ascertained by referring to the gas bills (see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91 [1991]; Reis v J.B. Kaufman Realty Co., LLC, 181 AD3d 740 [2020], affd 37 NY3d 1008 [2021]). There is no basis, on this record, to set aside the open-court stipulation of settlement, as landlord did not demonstrate sufficient cause therefor, "such as fraud, collusion, mistake, or accident" (Hallock v State of New York, 64 NY2d 224, 230 [1984]).
While the open-court stipulation of settlement is enforceable without so-ordering the transcript that memorialized the agreement (see CPLR 2104),[FN2] we nevertheless find that remedy appropriate under these circumstances (see Birches at Schoharie, L.P. v Schoharie Senior Gen. Partner LLC, 169 AD3d 1192 [2019]; Blanchard v Sultan, 111 AD3d 1202 [2013]; Pretterhofer v Pretterhofer, 37 AD3d 446 [2007]).
Accordingly, the order, insofar as appealed from, is reversed and the branch of tenant's motion seeking to "so order" the open-court stipulation of settlement memorialized in the November 19, 2019 transcript is granted.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 15, 2024

Footnotes

Footnote 1:In 2003, the legislature added a provision to CPLR 2104 that states "[w]ith respect to stipulations of settlement and notwithstanding the form of the stipulation of settlement, the terms of such stipulation shall be filed by the defendant with the county clerk," which did not occur here. This court does not address the applicability or effect of that provision as the issue was not raised by the parties on appeal (see Citibank, N.A. v Kerszko, 203 AD3d 42 [2022]). We note that the Appellate Division decided Wilson v Wilson in 2006 yet made no reference to the amended provision.

Footnote 2:A transcript may be filed without being so-ordered.